

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

January 25, 1966

Honorable James E. Barlow            Opinion No. C-586
Criminal District Attorney
Bexar County                         Re: After January 1, 1966,
San Antonio, Texas                       what statute will govern
                                         the appointment, removal
                                         and compensation of
                                         grand jury bailiffs in
Dear Mr. Barlow:                         Bexar County?

        You have requested the Attorney General's opinion
concerning the statutes that will govern the appointment,
removal and compensation of grand jury bailiffs in Bexar
County after January 1, 1966.

        Your opinion request and the briefs submitted point
out that there appear to be at present three statutes bear-
ing upon the question presented.  These statutes are Article
19.36 of the Code of Criminal Procedure, (Acts, 1965, 59th
Leg., Ch. 722 - S.B. 107); Article 367h, Vernon's Code of
Criminal Procedure; and Article 199(37)(Q), Vernon's Civil
Statutes.

        The latter two statutes are still in effect by virtue
of the provisions of Article 54.02, Section 1(b) and Section
2(a), Code of Criminal Procedure, respectively, saving them
from repeal.

        Both of the latter statutes are special legislation,
and according to the general rules of statutory construction,
would govern over the provisions of Article 19.36 of the new
Code of Criminal Procedure in event of any conflict.  Of the
latter two statutes, Article 199(37)(Q) applies specifically
to Bexar County, while Article 367h has a broader application,
i.e., to counties with a population of 250,000 or more in-
habitants.  Thus, according to the above rule of statutory
construction, Article 199(37)(Q) would govern over the more
general provisions of Article 367h.

        Therefore, according to Article 199(37)(Q), the Dis-
trict Judges of the 144th and 175th District Courts shall
alternately appoint grand jury bailiffs not to exceed seven.

-2828-

Each Judge may appoint three of such bailiffs, and if needed, may jointly appoint the seventh such bailiff. Bailiffs thus appointed are subject to removal at the will of the Judge or Judges so appointing them.

This does not mean, however, that Article 367h is without any force or effect. Since Article 199(37)(Q) provides only for a method of selection and removal of such bailiffs, Article 367h will control as to the method of fixing the compensation of such bailiffs, which compensation shall be fixed by the Commissioners Court of Bexar County together with an automobile allowance to be set by the Commissioners Court, all in accordance with the provisions of such statute.

## S U M M A R Y

Article 199(37)(Q), V.C.S., governs the appointment and removal of grand jury bailiffs in Bexar County. Article 367h, V.C.C.P., governs the compensation of such grand jury bailiffs.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

GILBERT J. PEÑA
Assistant Attorney General

GJP/dt

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Douglas H. Chilton
Charles B. Swanner
Thomas H. Routt

APPROVED FOR THE ATTORNEY GENERAL
BY T. B. Wright